Filed 7/8/26  P. v. Snowden CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>XAVIER RAPHEAL SNOWDEN,<br>    Defendant and Appellant. | C103193<br><br>(Super. Ct. No. 23FE020314) |

Defendant Xavier Rapheal Snowden appeals the trial court's denial of his request for mental health diversion.  (See Pen. Code,[1] § 1001.36.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2023, a woman's car broke down and defendant came to help.  Defendant told her he was going to make her his " 'woman.' "  She responded that she was not interested in being with him and told him to leave.  Defendant then slammed the vehicle door on her leg, got on top of her, and placed a knife against her throat.  He threatened to kill her and then cut her chin and scratched her cheek and chest with the knife.

Defendant was charged with assault with a deadly weapon, criminal threats, misdemeanor resisting a peace officer, and misdemeanor providing a false identity to a

---

[1]    Undesignated statutory references are to the Penal Code.

1

peace officer. The prosecution further alleged defendant sustained two prior strikes and prior serious felony convictions for robbery in 1996 and assault with a deadly weapon in 2015, and alleged several aggravating circumstances under California Rules of Court, rule 4.421(a)-(b).

In July 2024, defendant moved for mental health diversion pursuant to section 1001.36. Defendant argued he qualified for mental health diversion based on his diagnoses of schizophrenia, cyclothymic disorder, alcohol use disorder, stimulant use disorder, and opiate use disorder, which he contended were significant factors in the commission of his offense. In support of this request, defendant attached his mental health assessment and placement questionnaire recommending him for a residential substance use treatment program. He argued his prior drug programs lacked the necessary support and oversight. Defendant further noted that he had been self-medicating and unhoused, and proper medication and treatment would decrease his risk to the community. He had only one conviction since 2018, a misdemeanor in 2021, with his other offenses occurring before then.

The prosecution opposed mental health diversion, arguing, among other things, that defendant posed an unreasonable risk of danger to public safety. The prosecution noted the seriousness of the instant offense and defendant's history of domestic violence, including convictions in 2021, where he used his forearm to strike the victim's mouth and slammed her into the wall; 2015, where he attempted to run over the victim with his car and struck the victim in the head with a baseball bat and a metal pipe, resulting in a three-year sentence; and 2006, where he served eight years in prison for corporal injury. In addition, defendant had a total of nine felony, 11 misdemeanor, and three parole violation convictions since 1985, including robbery and several weapons charges.

The trial court denied defendant's request for mental health diversion in September 2024. The court explained it would deny diversion "based on unsuitability and imposing unreasonable risk to public safety even if treated in the community in terms

2

of his potential to ultimately kill someone." The court noted its concerns about the conduct in the instant offense, including "putting a knife up to the victim's throat and then continuing to chase after her with the knife, swinging the knife at her and slamming … the car door on her leg and the like after making advances on her saying that he wanted to be in a relationship with her," against her wishes.

The trial court also pointed to defendant's criminal record, which gave "greater context" to the instant offense, including the domestic violence convictions referenced by the prosecution. The court concluded: "This is a violent individual. And I think women in particular are at profound risk when he ultimately acts in a manner that may well be a product of his schizophrenia and/or stimulant use disorder. But the risk is too great for this [c]ourt. And for those reasons, the [c]ourt will be denying diversion at this time."

Defendant later pled no contest to assault with a deadly weapon and admitted one of the prior strikes and one prior serious felony conviction allegation. The prosecution dismissed the remaining charges and allegations, including the remaining prior strike allegation. The trial court sentenced defendant to 11 years in prison.

Defendant appeals and was granted a certificate of probable cause.

DISCUSSION

Defendant contends the trial court abused its discretion by denying his request for mental health diversion because substantial evidence did not support the finding that he posed an unreasonable risk to public safety if treated in the community. We disagree.

"Section 1001.36 authorizes pretrial mental health diversion for defendants with qualifying mental health disorders." (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) The trial court "may, in its discretion … grant pretrial diversion" if it finds the defendant eligible and "suitable" for diversion, based on the criteria set forth in section 1001.36, subdivisions (b) and (c), respectively. (§ 1001.36, subd. (a).) These criteria include, among other things, that the defendant's symptoms contributing to the

3

criminal behavior would respond to mental health treatment, in the opinion of a qualified mental health expert. (§ 1001.36, subd. (c)(1).)

If the defendant is both eligible and suitable, the trial court must also be "satisfied that the recommended inpatient or outpatient program of mental health treatment will meet the specialized mental health treatment needs of the defendant." (§ 1001.36, subd. (f)(1)(A)(i).) "This is not an additional eligibility or suitability requirement the defendant must meet. Rather … [it is] an ongoing assessment to assure that defendants will receive appropriate treatment for their particular conditions as part of the diversion program." (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 892.)

On appeal, we review the trial court's denial of mental health diversion for abuse of discretion. (*People v. Moine* (2021) 62 Cal.App.5th 440, 448.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*Id*. at p. 449.) Absent evidence to the contrary, we presume the court knew and applied the law. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)

In determining whether to grant diversion, the trial court must decide whether defendant poses an "unreasonable risk of danger to public safety" as defined in section 1170.18 (§ 1001.23, subd. (b)), which states the trial court must find "an unreasonable risk that the [defendant] will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of [s]ection 667" (§ 1170.18, subd. (c)). The offenses contemplated in this definition "are known as 'super strikes' and include murder, attempted murder, solicitation to commit murder, assault with a machine gun on a police officer, possession of a weapon of mass destruction, and any serious or violent felony punishable by death or life imprisonment," (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242) and also sexually violent offenses (§ 667, subd. (e)(2)(C)(iv)(I)).

"Section 1001.36's reliance on the definition of dangerousness in section 1170.18, [subdivision (c),] necessarily encompasses the list of super strike offenses found at section 667, subdivision (e)(2)(C)(iv). By requiring an assessment of whether the defendant 'will commit a new violent felony' within the meaning of section 667, subdivision (e)(2)(C)(iv), a trial court necessarily must find the defendant is 'likely to commit a super-strike offense.' " (*People v. Moine*, *supra*, 62 Cal.App.5th at pp. 449-450 [interpreting § 1101.36's reliance on the § 1170.18's " 'unreasonable risk of danger to public safety' " definition], citing *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1310 [reviewing a finding of unreasonable danger to public safety under § 1170.18].)

We conclude substantial evidence supports the finding that defendant was an unreasonable risk to public safety and was not suitable for diversion. Given the seriousness of defendant's past offenses and the violent nature of the underlying offense, substantial evidence supports a finding that defendant would be an unreasonable risk to public safety as defined in section 1170.18. As the trial court found, defendant has engaged in multiple violent offenses against women. These offenses include attempting to run over a woman and hitting her in the head with a baseball bat and pipe; hitting another woman and then slamming her against the wall; and then in this case, slamming a car door on the victim's leg, threatening to kill her, holding a knife against her throat, and injuring her chin, neck, and chest with the knife.

Moreover, defendant had previous experiences with treatment that were unsuccessful in resolving his mental health issues. The mental health assessment did not address defendant's risk to the community, only recommending treatment options without any assessment of the likelihood of success of those options. Based on the evidence considered by the trial court, it was reasonable to find defendant was likely to

commit a super strike offense and was not suitable for diversion.  There was no abuse of discretion.**2**

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BOULWARE EURIE, J.

---

**2**  Given our conclusions, we need not address the People's argument that the trial court reasonably denied diversion under its residual discretion.